UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JARRETT DUNN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 21-280-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jarrett Dunn is currently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Dunn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks relief from his federal sentence. [Record No. 1] Dunn's petition is pending for initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, Dunn's petition will be denied.

A jury convicted Dunn in 2005 of: (1) conspiring to distribute and possess with the intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); (2) conspiring to distribute and possess with the intent to distribute at least five kilograms of cocaine hydrochloride also in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); and (3) possessing with the intent to distribute at least five grams of

cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).[1] According to Dunn, the trial court determined that he was a career offender and, therefore, subject to an enhanced sentence under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") based on prior drug convictions. The trial court sentenced Dunn in May 2005 to 360 months imprisonment on each count, to be served concurrently. The United States Court of Appeals for the Sixth Circuit affirmed Dunn's convictions and sentence. And while Dunn's subsequent efforts to vacate his sentence were also unsuccessful, President Obama commuted Dunn's sentence in 2016 to 262 months of incarceration.

Dunn has now filed a § 2241 petition with this Court. The petition is lengthy and at times difficult to understand. However, the crux of Dunn's argument is that the trial court erred when it determined that his prior drug convictions qualified him as a career offender under U.S.S.G. § 4B1.1. He cites the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), among other authorities, in support of his argument.

Dunn's petition constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, generally he may not do so through a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition is usually only a vehicle

---

[1] This procedural history comes from Dunn's petition and attached memorandum at Record No. 1, as well as his underlying criminal case, *United States v. Dunn*, No. 1:04-cr-044-CLC-CHS (E.D. Tenn. 2005), and his direct appeal, *United States v. Dunn*, 269 F. App'x 567 (6th Cir. 2008).

for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Dunn cannot use a § 2241 petition as a way of challenging his sentence.

Nevertheless, Dunn argues that he may attack his sentence in a § 2241 petition and cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), in support. In *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge a sentence in a § 2241 petition. But in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

The circumstances identified in *Hill* do not apply in this case. Here, the trial court sentenced Dunn in May 2005, after the Supreme Court's January 2005 *Booker* decision which held, *inter alia*, that the United States Sentencing Guidelines were advisory rather than mandatory. Dunn's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. March 12, 2019) (holding that the petitioner could not proceed under *Hill* because he was sentenced "after the Supreme Court's 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No.

18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that, since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

The undersigned recognizes that, in a recent decision, the Sixth Circuit permitted a prisoner to challenge his sentence enhancement in a § 2241 petition, even though he was sentenced post-*Booker*, under the advisory guidelines regime. *See McCormick v. Butler*, 977 F.3d 521, 528-29 (6th Cir. 2020). There, however, the Sixth Circuit based its decision on the fact that the petitioner's enhanced sentence under the Armed Career Criminal Act exceeded the otherwise applicable statutory maximum sentence. *See id.* Dunn's case is distinguishable because his sentence did not exceed the applicable statutory maximum sentence, which was life in prison for his first two convictions and 40 years in prison for his third conviction. *See* 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B) (regarding penalties) (as it existed between November 2, 2002 and March 8, 2006). Thus, *McCormick* is unavailing to Dunn. *See also Robinson v. Warden*, No. 7:21-cv-046-DCR, 2021 WL 4556027, at *4 (E.D. Ky. Oct. 5, 2021) ("*McCormick* is unavailing to Robinson because his sentence did not exceed the applicable statutory maximum sentence, which was life imprisonment.").

In summary, Dunn's petition constitutes an impermissible collateral attack on his sentence. Therefore, this Court will not entertain his § 2241 petition but will dismiss it for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is hereby

**ORDERED** as follows:

1. Dunn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DISMISSED** and the relief sought **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: November 4, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky